UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MATTHEW Q. RICHARDSON,

    Petitioner,

v.                                     Case No. 20-11157

GREGORY SKIPPER,

    Respondent.
_____/

**OPINION AND ORDER TRANSFERRING CASE TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Petitioner Matthew Q. Richardson, incarcerated at the Michigan Reformatory in Ionia, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2001 conviction out of the Wayne County Circuit Court for two counts of first-degree murder and two counts of felony-firearm. (ECF No. 1.) For the reasons stated below, the court will transfer the matter to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) in order to receive authorization to file a second or successive habeas petition.

**I. BACKGROUND**

Petitioner filed a petition for a writ of habeas corpus challenging his 2001 convictions for first-degree murder and felony-firearm in 2005. The petition was denied in part on the merits and in part because several of the claims were barred by unexcused procedural default. *Richardson v. Renico,* Case No. 05-71118, 2007 WL 1648845 (E.D. Mich. June 6, 2007), *aff'd*, No. 07-1849 (6th Cir. July 17, 2008).

Petitioner filed the current petition, in which he again challenges his convictions.

## II.  DISCUSSION

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted.  Among other things, AEDPA amended 28 U.S.C. §§ 2244, 2253, and 2254, which govern habeas corpus proceedings in federal courts.  These amendments changed the standards and procedures that federal courts must apply when faced with second or successive petitions for writs of habeas corpus.

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a petition. *Ferrazza v. Tessmer*, 36 F.Supp.2d 965, 971 (E.D. Mich. 1999) (Gadola, J.).  Unless the petitioner has been given approval to file a second or successive petition, a district court must transfer such the petition to the court of appeals, regardless of the petition's merit. *Id.*; *see also In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Although neither party has addressed whether this petition is second or successive, it is appropriate for the court to consider the issue *sua sponte*. Petitioner's ability to bring a second or successive petition goes to the court's subject matter jurisdiction. *See Williams v. Stegall*, 945 F.Supp. 145, 146 (E.D. Mich. 1996).

In March 2005, Petitioner filed a habeas petition in federal court challenging his 2001 convictions. *Richardson,* 2007 WL 1648845, at *2. That petition was denied in

June 2007. *Id.* Although several of the claims Petitioner advanced in his original petition were denied on exhaustion grounds, the decision would still be considered a ruling on the merits for purposes of § 2244(b)(3). *Id.* at *6-7; *see In Re Cook*, 215 F. 3d 606, 608 (6th Cir. 2000) (holding that dismissal of a habeas petition was "on the merits," and the petitioner's later habeas application was "second or successive" for purposes of § 2244(b) when the petitioner's first habeas application was dismissed for failure to exhaust state remedies). Petitioner cannot proceed with the issues raised in the present petition without first obtaining permission to file a second or successive habeas petition from the Sixth Circuit. 28 U.S.C. § 2244(b)(3)(A).

Petitioner's request for relief may be time barred. A one-year statute of limitations applies to habeas petitions filed under § 2254. 28 U.S.C. § 2244(d); *Allen v. Yukins*, 366 F.3d 396, 399 (6th Cir. 2004). Because the petition is successive, the court cannot consider dismissal of the petition. The court must await Sixth Circuit authorization. 28 U.S.C. § 2244(b)(3)(A); *see In Re McDonald*, 514 F.3d 539, 543-44 (6th Cir. 2008).

The court will order the Clerk of Court to transfer this habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims*, 111 F.3d 45, and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F.Supp.2d 854, 857 (E.D. Mich. 2009).

### III. CONCLUSION

Petitioner has not obtained authorization to file a successive habeas petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly,

IT IS ORDERED that the Clerk of the Court TRANSFER this "Petition for Writ of Habeas Corpus" (ECF No. 1) to the United States Court of Appeals for the Sixth Circuit.

                                                    s/Robert H. Cleland                                /
                                                    ROBERT H. CLELAND
                                                    UNITED STATES DISTRICT JUDGE

Dated: May 18, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 18, 2020, by electronic and/or ordinary mail.

                                                    s/Lisa Wagner                                    /
                                                    Case Manager and Deputy Clerk
                                                    (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-11157.RICHARDSON.2254Habeas.DHB.RMK.docx